UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PENNSYLVANIA MANUFACTURERS INDEMNITY COMPANY a/s/o NORWICH HOSPITALITY, LLC, | : : : : | CIVIL ACTION NO. 3:11-cv-650 (VLB) |
| Plaintiff, | : : | |
| v. | : : | |
| CINTAS FIRE PROTECTION & FIRE SYSTEMS OF SPRINGFIELD, CT, | : : : | |
| Defendant, | : : | |
| v. | : : | |
| SIMPLEXGRINNELL LP, | : | |
| Third-Party Defenfendant. | : | August 30, 2012 |

<u>**MEMORANDUM OF DECISION GRANTING THIRD-PARTY DEFENDANTS' MOTION TO DISMISS [Dkt. #42]**</u>

**I. Introduction**

On December 12, 2009, the Comfort Suites Hotel in Norwich, Connecticut sustained water damage in connection with a rupture in its fire sprinkler system. Pennsylvania Manufacturers Indemnity Company ("PMI"), the hotel's insurer, claims that it incurred over $150,000 in damages as a result of the leak. Consequently, PMI now brings suit against the sprinkler system maintenance company, Cintas Fire Protection & Fire Systems of Springfield ("Cintas"), for negligence and breach of contract. In turn, Cintas seeks indemnification (Count One) or apportionment of liability (Count Two) from SimplexGrinnell, the company responsible for the initial design and installation of the system. SimplexGrinnell now moves for dismissal, or alternatively, summary judgment, in regard to Cintas's claims.

1

## II. Factual Background

In 1997, SimplexGrinnell installed a fire sprinkler system at the Comfort Suites Hotel located at 275 Otrobando Road, Norwich Connecticut. [Third Party Def.'s Motion to Dismiss, Dkt. # 42, p. 1, p.13 n.1 ]. The hotel subsequently contracted with Cintas to service, repair, and maintain the sprinkler system. [Pl.'s Complaint, Dkt. #1, at ¶ 5]. In accordance with its maintenance contract, in June 2009, Cintas performed maintenance work on the system. [*Id.* at 8]. At that time, Cintas introduced water into the system in order to perform a flow "trip" test. [*Id.* at 9]. Plaintiff alleges that Cintas failed to drain the water at the end of the test. [*Id.*]. Cintas asserts that any failure of the pipes to drain was caused by SimplexGrinnell's installation of "a section of low-lying pipe that did not properly drain and allowed water to remain in the system." [Third Party Complaint, Dkt. # 24, ¶ 20]. On December 12, 2009, the water that had collected in the system froze, causing the pipes to rupture and damage the hotel. [*Id.* at 10].

PMI, the insurer of the hotel, claims that it incurred a loss of over $150,000 as a result of the water damage. [Dkt. # 24, ¶ 14]. On April 22, 2011, PMI filed a complaint against Cintas for negligence and breach of contract. [*Id.*]. On May 9, 2011, a Summons Return Executed form was filed with the court to certify service of summons to Cintas. [Certificate of Service, Dkt. # 7, p. 6]. The Court entered a scheduling order, allowing the parties until October 1, 2011, to join additional parties to the action. [Objection to Third Party Def.'s Motion to Dismiss, Dkt. # 51, p. 7]. In compliance with the scheduling order, on September 29, 2011, Cintas served SimplexGrinnell with a summons in connection with Cintas'

apportionment and indemnification claims. [Summons, Dkt. # 25, p.1]. SimplexGrinnell now seeks dismissal of Cintas' third party complaint under Fed. R. Civ. P. 12 (b)(6), or alternatively Fed. R. Civ. P. 56, and Fed. R. Civ. P. 12 (b) (2). [Dkt. # 42].

### III. Standards of Review

#### A. Motion to Dismiss

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While Rule 8 does not require detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'formulaic recitation of the elements of a cause of action will not do.'" Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (internal quotations omitted). "Where a complaint pleads facts that are 'merely consistent with' a Defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Id.* (internal citations omitted).

In considering a motion to dismiss for failure to state a claim, the Court should follow a "two-pronged approach" to evaluate the sufficiency of a

complaint. *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010). "A court 'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to assumption of truth.'" *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949-50). "At the second step, a court should determine whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" Id. (quoting *Iqbal*, 129 S. Ct. at 1950). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a Defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (internal quotation marks omitted).

B. Summary Judgment

"The standards governing summary judgment are well settled." *Ford v. Reynolds*, 316 F.3d 351, 354, 379 (2d Cir. 2002). Summary judgment "should be rendered if the pleadings, the discovery and disclosure material on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Summary judgment is appropriate if, after discovery, the nonmoving party "has failed to make a sufficient showing on an essential element of[its] case with respect to which [it] has the burden of proof." *Celotex v. Catrett*, 477 U.S. 317, 323 (1986).

"The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists." *Ford,* 316 F.3d 101, 105 (2d Cir. 2002). "[T]he burden on the moving party may be discharged by 'showing'- that is pointing out to the district court- that there is an absence of evidence to support the nonmoving party's case." *PepsiCo. Inc. v. Coca-Cola Co.,* 315 F. 3d 101, 105

4

(2d Cir. 2002) (internal citations omitted).  "If the party moving for summary judgment demonstrates the absence of any genuine issue of material fact, the nonmoving party must, to defeat summary judgment, come forward with evidence that would be sufficient to support a jury verdict in its favor." *Burt Rigid Box, Inc. v. Travelers prop. Cas. Corp.,* 302 F.3d 83, 91 (2d Cir. 2002).

The Court must "construe the evidence in the light most favorable to the nonmoving party and…draw all favorable inferences in its favor." *Huminski v. Corsones*, 396 F.3d 53, 69-70 (2d Cir. 2004) (internal citations omitted).  "[I]f there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party, summary judgment must be denied.  *Am. Home Assurance Co. v. Hapag Lloyd Container Linie, GmbH*, 446 F.3d 313, 315 (2d Cir. 2006) (internal citations omitted).

### C. Personal Jurisdiction

A claim is properly dismissed under Fed. R. Civ. P. 12 (b) (2) where a court lacks personal jurisdiction over the defendant.  F.R.C.P. 12 (b) (2).  "The breadth of a federal court's personal jurisdiction is determined by the law of the state in which the district court is located." *Thomas v. Ashcroft*, 470 F.3d 491, 495 (2d Cir. 2006) (citing *Henderson v. INS,* 157 F.3d 106, 123 (2d Cir.1998)). "On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *Metro. Life Ins. Co. v. Robertson-Ceco Corp.,* 84 F.3d 560, 566-67 (2d Cir. 1996).

IV. Discussion

A. Indemnification Claim

1. Timeliness

SimplexGrinnell seeks dismissal, or, alternatively, summary judgment, as to Cintas' indemnification claim, asserting that the claim is untimely under Connecticut law.  Under the statute of repose set forth in Conn. Gen. Stat. § 52-584, an action to recover damages for negligent or reckless injury to real or personal property must be brought within three years from the date of the act or omission complained of.  CONN. GEN. STAT. § 52-584.  "Unlike a statute of limitations, a statute of repose is not a limitation of a plaintiff's remedy, but rather defines the right involved in terms of the time allowed to bring suit."  *P. Stolz Family P'ship L.P. v. Daum,* 355 F.3d 92, 102 (2d Cir. 2004).

> [S]tatutes of limitations bear on the availability of remedies and, as such, are subject to equitable defenses . . ., the various forms of tolling, and the potential application of the discovery rule. In contrast, statutes of repose affect the availability of the underlying right: That right is no longer available on the expiration of the specified period of time. In theory, at least, the legislative bar to subsequent action is absolute, subject to legislatively created exceptions . . . set forth in the statute of respose.

*Id.* (quoting Calvin W. Corman, *Limitations of Actions*, §1.1, at 4-5 (1991).  Thus, "a statute of repose begins to run without interruption once the necessary triggering event has occurred, even if equitable considerations would warrant tolling or even if the plaintiff has not yet, or could not yet have, discovered that [it] has a cause of action." *Id.* (citing *Jackson Nat. Life Ins. Co. v. Merrill Lynch & CO., Inc.*, 32 F.3d 697, 704 (2d Cir. 1994).

6

The three year repose provision of Conn. Gen. Stat. § 52-584 "bars the bringing of suit more than three years after the alleged negligent conduct of a defendant, regardless of when a plaintiff discovers the proximate cause of his harm, or any other essential element of a negligence cause of action." *Barrett v. Montesano,* 269 Conn. 787, 793, 849 A.2d 839 (2004) (quoting *Catz v. Rubenstein*, 201 Conn. 39, 49-50, 513 A.2d 98, 103 (1986)).

However, Conn. Gen. Stat. § 52-598a provides that, "[n]otwithstanding any provision of this chapter, an action for *indemnification* may be brought within three years from the date of the determination of the action against the party which is seeking indemnification by either judgment or settlement." Conn. Gen Stat. § 52-598a (emphasis added). The law is well settled that §52-598a extends the time period for which a party may bring a claim where the cause of action is not negligent injury, but rather, third party indemnification. *See Dowling v. Finley Associates, Inc.,* 248 Conn. 364, 375, 727 A.2d 1245, 1251 (1999). Consequently, in an action for indemnification, the three-year limitation period set forth in § 52-598a will control to the exclusion of the statute of limitations applicable to the underlying action. *Id.* at 379, n. 7 (holding that "it is the three year limitation period set forth in § 52-598a that controls" an indemnification claim, rather than the statute of limitations for tort actions set forth in Conn. Gen. Stat. § 52-577, because an indemnification action "is separate and distinct" from the underlying action).

Failing to acknowledge Conn. Gen. Stat. §52-598a, the provision specifically addressing actions for indemnification, SimplexGrinnell now argues

7

that Cintas' indemnification claim is barred by the statute of repose for negligent injury to property set forth in Conn. Gen Stat §52-584. Offering evidence in the form of witness testimony and supporting documentation, SimplexGrinnell argues that any alleged negligence in installing the system would have occurred no later than October 7, 1997, more than three years before PMI's 2011 action. Thus, SimplexGrinnell claims that, as a matter of law, it "can have no liability to Plaintiff based on the statute of repose." [Dkt. # 52, p. 5].

The Court need not consider the proffered evidence in this case. Here, the general time limit to pursue damages for negligent injury to property set forth in Conn. Gen Stat §52-584 is inapplicable, as Conn. Gen. Stat. § 52-598a, providing a time frame within which to file suit for indemnification, is directly on point. Cintas filed its third party complaint seeking indemnification from SimplexGrinnell on September 30, 2011, less than one year after PMI filed the initial complaint in April of 2011. [Dkt. # 24]. This six month period is well within the timeframe set forth in § 52-598a. *See Amoco Oil Co. v. Liberty Auto & Elec. Co.,* 262 Conn. 142, 152 (2002) (holding that the statute of limitations for indemnification claims allows for a party seeking indemnification to bring the action "within three years from the date an action against it, by a third party, has been determined," and thus, where plaintiff failed to allege that it had incurred losses pursuant to either a judgment or settlement in a third party action, reliance on § 52-598a was improper). Accordingly, Cintas' motion for indemnification is, in fact, timely.

    2. Failure to State a Claim

Alternatively, SimplexGrinnell moves for dismissal of Cintas' indemnification claim on the grounds that Cintas has failed to state a claim upon which relief can be granted.

"Indemnity involves a claim for reimbursement in full from one on whom a primary liability is claimed to rest." *Kaplan v. Merberg Wrecking Corp.*, 152 Conn. 405, 412 (1965). "'Ordinarily there is no right of indemnity or contribution between joint tort-feasors.'" *Crotta v. Home Depot, Inc.,* 249 Conn. 634, 642, 732 A.2d 767, 772 (1999) (quoting *Kyrtatas v. Stop & Shop, Inc.,* 205 Conn. 694, 697-98, 535 A.2d 357 (1988)). Nevertheless, the impact of liability may be shifted from mere passive tortfeasors to active wrongdoers where a defendant can show that: "(1) the party against whom indemnification is sought was negligent; (2) that party's active negligence, rather than the defendant's own passive negligence, was the direct, immediate cause of the accident and injuries; (3) the other party was in control of the situation to the exclusion of the defendant seeking reimbursement; and (4) the defendant did not know of the other party's negligence, had no reason to anticipate it, and reasonably could rely on the other party not to be negligent." *Smith v. City of New Haven,* 258 Conn. 56, 66, 779 A.2d 104, 110 (2001).

In this case, Cintas' claim against SimplexGrinnell arose after PMI filed suit against Cintas for negligent performance of a flow "trip" test on the sprinkler system of its insured. [Dkt. # 1]. According to the Plaintiff's initial complaint, after performing the test pursuant to its sprinkler maintenance contract with Comfort Suites Hotel, "Cintas failed to drain the water," causing extensive

damage to hotel property when the pipe later froze and burst. [*Id.* at ¶¶ 9-11]. Cintas now seeks indemnity from SimplexGrinnell, the installer of the system, on the grounds that the third party improperly and negligently installed "a section of low lying pipe that could not properly drain," causing the system's failure and the Plaintiff's damages. [Dkt. # 24, ¶ 20].

In its motion to dismiss, SimplexGrinnell argues that Cintas' third party indemnification claim must fail as a matter of law because it (1) does not relate to the same transaction as the underlying claim and (2) fails to properly allege that SimplexGrinnell was in exclusive control of the situation.  [Dkt. # 42]. SimplexGrinnell's first argument is unavailing because Cintas' third party claim may properly be described as relating to the same transaction as the Plaintiff's original complaint.  Indeed, both claims have been filed in relation to the failure of water to drain from a sprinkler pipe, causing it to burst. In light of the indisputable parity of these claims, and in the absence of any legal authority offered by SimplexGrinnell to the contrary, the Court finds this argument to be without merit. Therefore, SimplexGrinnell's motion to dismiss the indemnification claim necessarily rests on its contention that Cintas has failed to properly allege that SimplexGrinnell had exclusive control over the condition giving rise to the pipe rupturing and causing damage.

While the question of exclusive control is ordinarily a question of fact to be determined by a jury, *Weintraub v. Richard Dahn, Inc.,* 188 Conn. 570, 573, 452 A.2d 117 (1982), some circumstances may nonetheless "give rise to the question of whether, in light of the facts alleged in the third party complaint, any

reasonable juror could find that the third party defendants had exclusive control of the situation," transforming the matter into a question of law. *See Skuzinski v. Bouchard Fuels, Inc.,* 240 Conn. 694, 705, 694 A.2d 788 (1997) (striking a third-party complaint for indemnification where the allegations, even if proven, could not result in a jury finding that the third-party defendants were in exclusive control over the situation). SimplexGrinnell argues that this is such a case, asserting that Cintas' claim must be dismissed as a matter of law.

SimplexGrinnell contends that "the situation' or 'dangerous condition giving rise to the accident' over which exclusive control is alleged must be identified with reference to the claims of the [original] plaintiff." *Wohlfert v. Spec Personnel*, No. CV085014761S, 2011 WL 1992194, at *3 (Conn. Super. May 3, 2011); *see also Connecticut Gen. Life Ins. Co. v. SVA, Inc.,* 743 F. Supp. 107, 111 (D. Conn. 1990) ("To determine the legal sufficiency of the third-party claim, the court must evaluate it against the background of the complaint."). Indeed, it is the grounds alleged in the original complaint that will be the basis for holding Cintas liable to the Plaintiff in the first instance. *See Cimino v. Yale University, et al.,* 638 F.Sup. 952, 958 (D. Conn.1986) ("The cross-claim must be construed against the background of the complaint, for it is only if the plaintiffs prevail . . . that [the defendant] would have any basis for seeking indemnity.").

SimplexGrinnell notes that "Plaintiff's complaint clearly identifies the dangerous condition giving rise to the accident to be the negligent manner in which the sprinkler line was drained after water was introduced into the system." [Dkt. # 52, p. 4]. On the basis of this construction of the complaint,

SimplexGrinnell asserts that it cannot be held liable to indemnify Cintas for the negligent performance of a service over which it had no control. [*Id.*].  Plaintiff's complaint provides that:

> 8. Sometime in June 2009, pursuant to a maintenance contract, Cintas performed service and maintenance work on the system at the subject property.
> 9. At the time, Cintas performed a flow "trip" test of the system during which water was introduced into the system, however, Cintas failed to drain the water at the end of the test.
> 10. On December 12, 2009, the water that had collected in the piping system froze and caused the pipe to break open, and causing the water to leak through the roof into the ballroom at the subject property.

[Dkt. #1, Compl., ¶¶8-10]. Relying on this language in the Plaintiff's complaint, it is apparent that if the Plaintiff prevails in establishing Cintas' negligence, SimplexGrinnell necessarily could not have had exclusive control over the dangerous situation giving rise to the accident. *See Cimino,* 638 F. Supp. at 959 (dismissing an indemnity claim where a finding of the indemnitee's liablity for the underlying claim "could not be reconciled with a claim that [indemnitor], to the exclusion of [indemnitee], was in control of the situation").

Moreover, the parties do not dispute the fact that SimplexGrinnell had no contact with the sprinkler system since its installation, which occurred nine years prior to the pipes bursting. Thus, even if the dangerous condition arose from a negligent installation of the pipes performed by SimplexGrinnell, SimplexGrinnell indisputably did not have exclusive control over the sprinkler system as Cintas had been servicing the sprinkler system under its maintenance contract with PMI for nearly a decade before performing the "trip" test in question. S*ee Kaplan,* 152

Conn. at 418 (holding that the indemnitee must show that the indemnitor "was in control of the situation *at the time of the accident* to the exclusion of the plaintiffs").

Thus, Cintas' motion for indemnification is deficient as a matter of law. Cintas has not and cannot plausibly allege exclusive control in this case in light of the factual allegations set forth in the Plaintiff's complaint. Indeed, while Cintas claims that SimplexGrinnell had exclusive control over the *installation* of the sprinkler system, the Plaintiff's complaint plainly alleges that Cintas performed a "trip" test pursuant to its maintenance contract and negligently left water in the pipes, causing the pipes to ultimately burst. Thus Cintas' cannot, as a matter of law, establish that SimplexGrinnell had exclusive control of the dangerous situation that occurred after Cintas, pursuant to its maintenance contract with PMI, introduced water in the system and allegedly failed to drain it. Therefore, because Cintas has failed to allege and cannot allege an essential element of an indemnification claim, SimplexGrinnell's motion to dismiss the indemnification claim is granted, and Cintas' claim for indemnification is dismissed.

B. Apportionment Claim

As an alternative to complete indemnification, Cintas seeks to have any liability it incurs apportioned between itself and SimplexGrinnell under Connecticut General Statutes §§ 52-102b and 52-572h. However, Cintas' apportionment claim is untimely.

Conn. Gen. Stat. § 52-102b provides in relevant part that "any complaint upon a person not a party to the action who is or may be liable … for a proportionate share of the plaintiff's damages… *shall be served within one hundred twenty days of the return date* specified in the plaintiff's original complaint." Conn. Gen. Stat. § 52-102b (a) (emphasis added). Thus, under § 52-102b, an apportionment claim brought pursuant to section 52-572h *must* be brought within 120 days of the Plaintiff's original complaint. *See Lostritto v. Cmty. Action Agency of New Haven, Inc.,* 269 Conn. 10, 19-20 (2004) (holding that § 52-102b is mandatory, not merely directory). Because § 52-102b implicates personal jurisdiction, a claim that does not comply with the statute may be properly dismissed under Fed. R. Civ. P. 12 (b) (2). *See id.* at 33 (holding that Statutes § 52-102b implicates personal jurisdiction, rather than subject matter jurisdiction).

In this case, the Plaintiff failed to file its claim within the 120 day statutory period set forth in Conn. Gen. Stat. §52-102b(a). This Court has previously determined that, for purposes of § 52-102b, the analogous federal procedural equivalent to the state court's "return date" is the date the summons for the complaint is returned to the district court. *Abbate v. Northland AEG, LLC*, 788 F. Supp. 2d 50, 54 (D. Conn. 2011). Here, on May 9, 2011, the Plaintiff certified that the summons was returned executed by PMI on April 29, 2011. [Dkt. # 7, p. 6]. Nevertheless, Cintas's apportionment claim was not served on SimplexGrinnell until September 30, 2011, more than 120 days after Cintas' summons was returned to the district court. In cases of conflict between the statue and judicially imposed deadlines, the statutory rule will prevail. *See Lostritto* at 35

14

("[T]he trial court lack[s] the authority to extend the time for commencing an apportionment action."). Thus, while the Plaintiff complied with the court's scheduling order, its apportionment claim was untimely because it fell outside of mandatory period required under Conn. Gen. Stat. § 52-102b.

Therefore, where Cintas' claim of apportionment is untimely, SimplexGrinnell's motion to dismiss Cintas' claim for apportionment of liability is granted.

## V. Conclusion

For the foregoing reasons, SimplexGrinnell's motion to dismiss is hereby granted and Cintas' third party claim against SimplexGrinnell is dismissed in its entirety. The Clerk is directed to terminate SimplexGrinnell as a party in this case.

IT IS SO ORDERED.

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: August 30, 2012